## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Annette C. Applin and Gary Applin, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-13-2831 |
| | § | |
| Deutsche Bank National Trust and Wells | § | |
| Fargo Bank, N.A. d/b/a America's Servicing | § | |
| Company, | § | |
| | § | |
| *Defendants*. | § | |

### Memorandum Opinion & Order

Pending before the court are two motions: (1) a motion to dismiss filed by defendants Deutsche Bank National Trust Company as Trustee ("Deutsche Bank") and Wells Fargo Bank, N.A. ("Wells Fargo") d/b/a America's Servicing Company ("ASC") (collectively, "Defendants") (Dkt. 7); and (2) a motion for leave to amend the original complaint filed by plaintiffs Annette C. Applin and Gary Applin (Dkt. 8). The court has considered the motions, responses, the original petition, the proposed amended complaint, and applicable law, and finds that Defendants' motion to dismiss (Dkt. 7) should be **GRANTED** and the Applins' motion to amend (Dkt. 8) should be **DENIED.**

### I. Background

On or about December 14, 2006, the Applins obtained a home equity loan from New Century Mortgage ("New Century"). Dkt. 1, Ex. B.2 at 2. The deed of trust ("deed") named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for New Century and its successors and assigns. *Id*. at 3-4. In 2007, New Century filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court. *Id*. at 3. In March 2008, as a part of the bankruptcy proceeding, New Century filed a notice

repudiating its contract with MERS, which was granted by the bankruptcy court.  *Id*.  As a result of the bankruptcy, New Century ceased operations, and its assets were placed in a liquidating trust.  *Id*.

On July 31, 2009, in contravention to the bankruptcy court order, MERS recorded the assignment of the Applins' note and deed to Deutsche Bank to hold as trustee.  *Id* at 4.  The Pooling and Servicing Agreement ("PSA") that governed the trust in which Deutsche Bank, as trustee, held various loans, including the Applins' loan, allegedly provided that no loans could be transferred into the trust after 2007. *Id*.  Wells Fargo, through its subsidiary ASC, services the loan for Deutsche Bank.  *Id*. at 1.

The Applins eventually fell behind in their payments and, in order to make up the payments, approached the Defendants to make arrangements.  *Id*. at 3.  After the Applins failed to cure their default, Defendants sought foreclosure on the home, claiming the loan was owned by Deutsche Bank as trustee for a securitized trust where the loan was purportedly transferred in 2009 by MERS on behalf of New Century.  *Id*. at 3-4.  No party has foreclosed on the home to date.  Dkt 8, Ex. 1 at 5.

On June 3, 2013, the Applins filed suit in the 234th Judicial District Court of Harris County, Texas to enjoin the foreclosure and obtain a declaratory judgment that Defendants lack standing to foreclose.  Dkt. 1 at 1.  On June 7, 2013, Judge Robert K. Shaffer transferred the case to the 165th Judicial District Court of Harris County, Texas.  *Id*. at 2.  Defendants removed the case to this court on September 25, 2013.  *Id.* at 1.

## II. LEGAL STANDARD

Defendants have moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure each of the Applins' causes of action.  Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party against whom claims are asserted to move to dismiss those claims if the

pleader has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To meet this standard, a pleading must offer "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[N]aked assertions devoid of further factual enhancement," along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth.).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

If a party's claim contains allegations of fraud, the pleading must meet a heightened standard and "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185–86 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)).  Instead, pleadings alleging fraud must contain "simple, concise, and direct

allegations of the circumstances constituting fraud, which . . . must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186 (internal quotation marks omitted) (referring to the standard enunciated in *Twombly*).   The Fifth Circuit strictly interprets Rule 9(b) and requires the pleader "to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (internal quotation marks omitted).   "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 690 (E.D. Tex. 2009) (internal quotation marks omitted).

### III. ANALYSIS

The Applins' original complaint summarily lists the following causes of action: misrepresentation; quiet title; violation of the Texas Fair Debt Collection Act; violation of the duty of good faith and fair dealing; unconscionability; negligent lending; breach of contract; intentional infliction of emotional distress; and a determination by the court that the lien is invalid pursuant to the Texas Constitution and the laws of Texas.  Dkt. 1, Ex. B.2 at 6.  However, there is no discussion as to which facts support each cause of action alleged. *Id*.  The Applins' proposed amended complaint only alleges the following causes of action: quiet title; misrepresentation/fraud negligence; and unjust enrichment.  Dkt. 8, Ex. 1 at 5-7. Where there is a pending motion to dismiss, but during the pendency of that motion, an amended complaint is filed, the court may apply the pending motion to dismiss to the amended complaint. *Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F.App'x 329, 331 n.1 (5th Cir. 2011); Fed. Prac. & Proc. § 1476 (3rd ed. 1998).  Thus, the court considers the Defendants' dismissal arguments for each claim in the original and amended complaint.

**A.      *Quiet Title***

The Applins allege that Defendants do not hold a perfected and secured claim to the Applins'

home, and thus the court should quiet title in their name and enjoin Defendants from asserting any

adverse interest in the home.  Dkt. 8, Ex. 1 at 5-6.  In support of their quiet title claim, the Applins appear

to assert that the Defendants do not hold a superior title due to violations of the Texas Constitution.  *Id*.

at 2-4.  Defendants seek dismissal of this claim on grounds that the Applins cannot show a superior

interest in the real property and that the Texas Constitutional violation claim is barred by the statute of

limitations.  Dkt. 7 at 4-6.  The court agrees with Defendants.

A claim for quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal

title any unlawful hindrance having the appearance of better right.'"  *Bell v. Ott*, 606 S.W.2d 942, 952

(Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (Tex.

1886)).  "[T]he plaintiff has the burden of supplying the proof necessary to establish his *superior equity*

*and right to relief*."  *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet.

denied) (emphasis added).  The effect, therefore, of a suit to quiet title is to establish that the defendant's

claim to title is "invalid or ineffective."  *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex.

App.—Houston [1st Dist.] 2011, no pet.).

The Applins appear to seek to quiet title on their home or obtain a declaratory judgment that the

Defendants' lien imposed in violation of the Texas Constitutional prohibitions is void.  Dkt. 9 at 3.  They

allege that the closing of the loan violated numerous provisions of the Texas Constitution, which renders

the lien void and not merely voidable.  *Id*.  "Under Section 50(a)(6) of the Texas Constitution, a party

may give notice of a defect, and the other party has sixty days to cure."  *Priester v. JP Morgan Chase*

*Bank, N.A.*, 708 F.3d 667, 673 (5th Cir. 2013).  From the facts of the complaint it is unclear whether the

Applins ever gave notice to the Defendants regarding the alleged defects in the origination of the loan. Nevertheless, the Applins still claim that the lien is invalid. The Defendants respond that the affirmative defense of limitations bars suit. Dkt. 7 at 4.

The issue of whether a limitations period applies to the Applins' claims has been addressed by the Fifth Circuit in *Priester*. "Although the [Texas] Constitution does not include a limitations period related to claims under Section 50(a)(6), every action for which there is no express limitations period . . . must be brought not later than four years after the day the cause of action accrues." *Priester*, 708 F.3d at 673 (quoting Tex. Civ. Prac. & Rem. Code § 16.051 (Vernon 2012)) (internal quotations omitted). The Fifth Circuit explicitly held that the four year statute of limitations period "applies to constitutional infirmities under Section 50(a)(6)." *Id*. at 674. In discussing when the claim accrues, the Fifth Circuit rejected the application of the discovery rule and held that "a cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id*. at 675. The Fifth Circuit also concluded that "the Texas Supreme Court considers liens created in violation of Section 50(a)(6) to be voidable rather than void — a 'void' lien could not be 'voided' by future action." *Id*. (discussing the Texas Supreme Court's holding in *Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342 (Tex. 2001)).

In this case, the alleged "wrongful act" of violating the Texas Constitutional provisions occurred when the loan originated in 2006. Accordingly, because the Applins filed this case in 2013, nearly seven years after the injury occurred, their constitutional violations allegation is barred by the statute of limitations. Thus, as a matter of law, the Applins cannot demonstrate a superior right to relief. Defendants' motion to dismiss the quiet title claim is GRANTED, and the Applins' quiet title claim is DISMISSED with prejudice.

6

**B.**     *Wrongful Foreclosure*

It appears from the allegations under the "quiet title" claim in the proposed amended complaint that the Applins seek a declaration from this court that the foreclosure of their home would be wrongful because the Defendants do not have the right to foreclose due to defects in the assignment and securitization process.[1]  Dkt. 8, Ex. 1 at 3, 5-6.  Specifically, their wrongful foreclosure allegations can be grouped into two categories: (1) MERS lacked authority to assign the note and deed from New Century to Deutsche Bank due to New Century's bankruptcy; and (2) the transfer of the note and deed to Deutsche Bank was improper under the applicable PSA,[2] thus rendering the assignment void ab initio.  However, according to recent Fifth Circuit case law, both of these grounds fail.

The Applins contend that Defendants cannot show an unbroken chain of title to enforce the note and deed because MERS had no authority to assign the note and deed to Deutsche Bank.  Dkt. 8, Ex. 1 at 3.  Their contention is based on the fact that New Century repudiated MERS's right to assign the note and deed on its behalf when it filed for bankruptcy.  *Id.*  The Defendants respond that the Applins lack standing to challenge any assignments of their note and deed.  Dkt. 7 at 6–8.

---

[1] The Applins' claim must be one for declaratory relief because an attempted wrongful foreclosure claim is not recognized under Texas law and a traditional wrongful foreclosure claim would not be ripe as the Applins remain in possession of their home.  *See Ayers v. Aurora Loan Servs.*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) ("Plaintiff has not alleged an actual violation of the Texas Property Code because no foreclosure sale has occurred."); *Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ) (finding no supporting authority for an attempted wrongful foreclosure claim under Texas law).

[2] "Securitization" refers to the "process of pooling loans and selling them to investors on the open market." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011).  A PSA is one of many "complex, interrelated contracts" typically executed when a mortgage securitization trust is formed. *Chase Manhattan Mortg. Corp. v. Advanta Corp.*, No. Civ. A. 01-507 KAJ, 2005 WL 2234608, at *1 (D. Del. Sept. 8, 2005).  In a mortgage securitization, the securitizing party acquires mortgage notes, pools them together, and then sells them into a trust. *Id.*  Interests in the trust are sold to investors, and the money raised is used for new mortgages.  *BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 173 (2d Cir. 2012).  In this case, defendant Deutsche Bank acted as the trustee.  *See* Dkt. 8, Ex. 1.

The Fifth Circuit recently issued a published opinion addressing each of these arguments.  *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013).  In *Reinagel*, the mortgagors defaulted on their note and sought to enjoin the foreclosure, contending that the assignments by which the bank obtained the note and deed were invalid.  *Id.* at 222.  The Fifth Circuit initially held that the mortgagors could argue that the transfers were void, because while "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'"  *See Id.* at 225 (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)); *see also Ortiz v. CitiMortgage, Inc.*, — F. Supp. 2d —, 2013 WL 3157907, at *4 (S.D. Tex. 2013) (Miller, J.) (holding that plaintiffs could challenge an assignment on grounds that it did not occur because such an allegation goes to the issue of validity *ab initio*).  However, while this holding extends to assignments in the securitization process, a breach of the PSA would not render the assignment void, and the mortgagors thus may not challenge the resulting validity of the PSA itself.  *Reinagel*, 735 F.3d at 228.

Here, as in *Reinagel*, the Applins "urge that the assignments are void ab initio."  *Id*.  However, "the fact that the assignments violated the PSA . . . would not render the assignments void . . . ."  *Id*. at 228.  Thus, to the extent the Applins are arguing that MERS's assignment of the note and deed to Deutsche Bank is procedurally or substantively irregular under the PSA, they have no standing to do so.

In addition, the Applins contend that because of New Century's bankruptcy, MERS lacked authority to assign the note and deed to Deutsche Bank.  However, because MERS obtained its rights under the deed in 2006, before New Century's bankruptcy, MERS held the legal title to the interests granted by the Applins and "had the authority, irrespective of New Century's legal status, to assign its

8

interest in the mortgage" to Deutsche Bank. *See Khan v. Wells Fargo, N.A.*, 2014 WL 200492, at *8 (S.D. Tex. 2014) (Atlas, N.) (ruling on a case with markedly similar parties and facts). "The bankruptcy court's order does not divest MERS of interests it previously acquired with regard to properties on which New Century made loans as to which MERS was nominee prior to New Century's bankruptcy." *Id*.

Moreover, an assignment executed by an unauthorized agent is not void under Texas law—it is voidable at the election of the defrauded assignor. *Reinagel*, 735 F.3d at 226; *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976) (holding that a contract executed by a person falsely claiming to be a corporate officer is voidable by the defrauded corporation); 29 Richard A. Lord, Williston on Contracts § 74:50 (4th ed. 2012) ("If the objection to the validity of an assignment is not that it is void but voidable only at the option of the assignor, or of some third person, the debtor has no legal defense whether or not action is brought in the assignee's name, for it cannot be assumed that the assignor is desirous of avoiding the assignment."). Because "an obligor may not defend against an assignee's effort to enforce the obligation on any ground which renders the assignment voidable only, [MERS's] alleged lack of authority, even accepted as true," does not provide the Applins with the ability  to challenge the assignment. *Reinagel*, 735 F.3d at 226. Therefore, under Texas law, the Applins have no standing to challenge MERS's assignment on grounds that MERS lacked the authority to assign the note and deed.

In sum, the Applins lack standing to challenge the chain of title. Although the Applins argue that there is a missing link in the chain of title, which allows them to challenge the assignments as void, because a breach of the PSA would not render it void, the Applins may not challenge the resulting validity of the PSA itself. *See Reinagel*, 735 F.3d at 227-28. As such, because the Applins' contentions fail as a matter of Texas law, Defendants are entitled to foreclose on the note and deed. *Rearden v.*

9

*CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011) (explaining that a mortgagee or mortgage servicer may foreclose, regardless of their holder status).

## C.    *Misrepresentation/Fraud Negligence*

The Applins allege claims of misrepresentation/fraud negligence. Dkt. 8, Ex. 1 at 6-7. Based on the facts pled in their proposed amended complaint, the court construes this as a fraud in the inducement claim. *Id*. The Applins contend that Defendants committed fraud by affirmatively misrepresenting that they were entitled to exercise the deed's power of sale provision and that they were legal holders or beneficiaries of the note and deed. *Id*.

The elements of fraud under Texas law are: "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). However, the Applins have not properly pled any facts to support their contentions that Defendants lacked the authority to foreclose in either their original petition or proposed amended complaint. The Defendants' motion to dismiss the misrepresentation/fraud negligence claim is GRANTED, and the Applins' misrepresentation/fraud negligence claim is DISMISSED with prejudice.

## D.    *Intentional Infliction of Emotional Distress*

In the Applins' original complaint, they allege that Defendants caused them intentional infliction of emotional distress ("IIED"). Dkt. 1, Ex. B.2 at 5. Defendants move for dismissal on the Applins' IIED claim because the Applins have failed to allege facts sufficient to support this claim. Dkt. 7 at 3-4. The court agrees with Defendants.

To prevail on an IIED claim in Texas, a plaintiff must demonstrate: (1) intentional or reckless conduct; (2) that is extreme or outrageous; (3) that caused emotional distress; and (4) that was severe in nature. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995). Moreover, beyond these elements, Texas courts have made clear that conduct associated with exercising a legal right is privileged and cannot be the basis for an IIED claim. *Zurita v. Lombana*, 322 S.W.3d 463, 474 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (initiation and prosecution of a lawsuit is not, as a matter of law, extreme or outrageous); *Wieler v. United Savings Ass'n of Tex., FSB*, 887 S.W.2d 155, 159 (Tex. App.—Texarkana 1994, writ denied) ("Even if the creditor's conduct is extreme or outrageous, he does not commit the tort if he does no more than insist on his legal rights in a permissible way."); Restatement (Second) of Torts § 46, cmt. g (1965).

In this case, the Applins fail to properly allege any facts that would support the elements of a claim for IIED. And even assuming that the Applins alleged facts sufficient to support an IIED claim, Defendants' exercise of their legal rights cannot be a basis of an IIED claim. Restatement (Second) of Torts § 46, cmt. g (1965) ("The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress."). The Defendants' motion to dismiss the Applins' IIED claim is GRANTED, and the Applins' IIED claim is DISMISSED with prejudice.

### E.    *Miscellaneous Allegations*

In the Applins's original complaint, they also alleged the following causes of action: violation of the Texas Fair Debt Collection Act; violation of the duty of good faith and fair dealing; unconscionability; negligent lending; and breach of contract. Dkt. 1, Ex. B.2 at 6. Beyond this summary list, however, the Applins fail to state any facts to support the elements for these claims. Thus, without

any evidentiary allegations that the Applins are entitled to relief, the Applins have failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Defendants' motion to dismiss the Applins' violation of the Texas Fair Debt Collection Act, violation of the duty of good faith and fair dealing, unconscionability, negligent lending, and breach of contract claims is GRANTED, and the Applins' violation of the Texas Fair Debt Collection Act, violation of the duty of good faith and fair dealing, unconscionability, negligent lending, and breach of contract causes of action are DISMISSED with prejudice.

## F.    *Unjust Enrichment*

The Applins allege that Defendants were unjustly enriched by claiming to have rights to foreclose on the Applins' home. This unjust enrichment claim is predicated on the Applins' contention that Defendants do not have a right to foreclose and would thus be unjustly enriched by the wrongful foreclosure. Dkt. 8, Ex. 1 at 7. However, in light of the court's dismissal of the Applins' other claims, there is no valid cause of action which would support granting the equitable remedy of unjust enrichment. Unjust enrichment "is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay." *Doss v. Homecoming Fin. Network, Inc.*, 210 S.W.3d 706, 710, n. 10 (Tex. App.—Corpus Christi 2006) (citing *City of Corpus Christi v. Heldenfels Bros.*, 802 S.W.2d 35, 40 (Tex. App.—Corpus Christi 1990), *aff'd*, 832 S.W.2d 39 (Tex. 1992)). Thus, "[w]hen a complaint fails to articulate an actual claim upon which unjust enrichment may be granted as a form of equitable relief, the unjust enrichment claim must be dismissed pursuant to Rule 12(b)(6)." *Allstate Ins. Co v. Donovan*, No. H–12–0432, 2012 WL 2577546, at \*18 (S.D. Tex. July 30, 2012).

Therefore, the Defendants' motion to dismiss the unjust enrichment claim is GRANTED, and the Applins' unjust enrichment claim is DISMISSED with prejudice.

## IV. CONCLUSION

The court has reviewed all allegations in both the original and the proposed amended complaint, and finds that there is no basis for the Applins' claims.  For the foregoing reasons, Defendants' motion to dismiss (Dkt. 7) is **GRANTED**.  The Applins' motion to amend (Dkt. 8) is **DENIED** as futile.  The Applins' claims are **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

Signed at Houston, Texas on March 17, 2014.

_____
Gray H. Miller
United States District Judge